## Case No. 18,304.

JUDSON v. CORCORAN et al.

[2 Hayw. & H. 146.] [1]

Circuit Court, District of Columbia.　Dec. 17, 1853.

### ASSIGNMENT—LOSS OF CLAIM BY LACHES.

A previous assignment will not be allowed where the assignee has through laches allowed his claim to go by default, especially where he has given no notice, as required by law, to establish his claim, thereby allowing his assignor to perpetuate a fraud by reassigning the same to another.

[Bill] in equity for an injunction [by William Judson against William W. Corcoran and others and the secretary of the treasury].

The bill of complainant states that on the 1st of January, 1845, Bradford B. Williams assigned to him an interest of $6,000, of the amount of a claim pronounced valid by the American members of a mixed commission, under a convention between the United States and Mexico, of April, 1839 (8 Stat. 527), with interest from the date of the assignment, amounting in all to $7,887.50. That an award was made upon said claim by the board of commissioners under the act of March 3, 1849 (9 Stat. 393), to carry into effect certain stipulations of the treaty between the United States of America and the Republic of Mexico, in favor of Wm. W. Corcoran, as assignee of Bradford B. Williams and Joseph H. Lord, for the amount of $15,051, in which amount is included the sum due to said Williams, and previously assigned to the complainant. That such assignment is null and void as against his claim, praying that defendant Corcoran be restrained from collecting, &c., the money due the complainant, and that the secretary of the treasury be enjoined from paying said reward, or so much thereof belonging to the complainant, out of the treasury of the United States.

The defendant in his answer says: That it is true that he claims to be legally and equitably entitled to receive the whole of the amount of the said award as his own. That he has no knowledge or belief that the said claimant has any right or interest therein whatsoever. That if any assignment, as charged, have been executed at any time prior to the execution of the instruments under which the respondent claims that it was without any valuable consideration, or that it was of any force, validity or effect in law or equity, to vest any right or title in the said complainant in the premises, or in any manner to affect the right and title of the respondent. That for the purpose of ascertaining whether any other person besides the assignor (Hart) of the defendant, had any interest or claim, or pretence of title in the premises, an investigation of the files and records of the department of state was had, and nothing was discovered in any de-

gree inconsistent with the title of Hart, nor any thing which could give him any notice, knowledge or suspicion that the said complainant, or any other person or persons had or claimed any right or title or interest adverse to or in any manner affecting the title claimed by the said Hart. That he purchased from said Hart all his rights and interest therein, without any knowledge or suspicion, and without any reason to know or suspect that the said complainant, or any person other than said Hart had any right, title or interest to the said claim; that said complainant never set up or pretended any interest therein, nor gave any notice or intimation to your respondent that he claimed any such interest until after the promulgation of the judgment of the board of commissions, under the act of 30th March, 1849; that said claim was valid and allowed, thereby fraudulently withholding and concealing all knowledge or notice thereof from the respondent, and suffered the respondent to devote and expend a large amount of money, time and labor to and in the prosecution of the said claim; that he is a bona fide purchaser of the said claim, for a full and valuable consideration, without notice, knowledge or suspicion of any pretence or right or title of the complainant in the premises, and do hereby insist that even if the said complainant had any such right or title or interest therein as now pretended, in and by his said bill of complaint, he has by his laches and culpable neglect and misconduct in the premises wholly lost the right to assert and give effect to the same, as against your respondent. The respondent states in substance as follows the chain of title on which he founds his claim: On the 11th of June, 1845, Bradford B. Williams assigned one-half of his interest in the claim to E. H. Warner; August 15th, 1845, Warner assigned the same interest to Wm. B. Hart; October 15th, 1846, Williams assigned to Hart the residue of his interest; October 3d, 1846, Joseph H. Lord assigned to Hart all his interest in the claim; June 18th, 1847, Hart assigned the whole of the claim to William B. Corcoran. In conclusion the defendant prays that the said injunction be dissolved, and that he be dismissed with his reasonable costs, &c.

A. H. Lawrence and R. H. Coxe, for petitioner.

J. M. Carlisle and P. R. Fendall, for defendants.

THE COURT, on the cause being duly argued, and the various exhibits and deposition being read, dismissed the bill with costs.

On appeal to the supreme court the decree dismissing the bill was affirmed. See 17 How. [58 U. S.] 612.